UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY LOUIS HOOVER,
    Plaintiff,

vs.    CASE NO: 6:11-CV-1459-ORL-28DAB

CENTRAL INTELLIGENCE AGENCY,
("C.I.A.")    Defendant. /

**COMPLAINT TO ENJOIN DEFENDANT FROM WITHOLDING RECORDS SOUGHT UNDER THE FREEDOM OF INFORMATION ACT ("FOIA")**

COMES NOW, the Plaintiff, GREGORY LOUIS HOOVER, in propria persona, acting as his own counsel, who hereby sues the above named Agency of the United States Government pursuant to 5 U.S.C. §552 seeking this Courts judicial review of the defendants June 27, 2011 denial of defendants agency appeal of Plaintiffs original September 28, 2010 FOIA request.

FILED 2011 SEP -1 PM 12:58
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

## JURISDICTION

This Honorable Court possesses the inherent jurisdiction to consider and determine the defendant's denial of the plaintiff's appeal of the defendant's denial of records sought pursuant to 5 U.S.C. § 552.

## PARTIES

1. The Plaintiff is a natural born citizen of the United States.

2. The defendant is an Agency of the United States government subject to a release of records sought pursuant to 5 U.S.C. § 552.

## FACTS

3. On September 11th 2001, the people and nation of the United States of America suffered various losses of life and destruction of property as a result of acts the Plaintiff contends were orchestrated and carried out by certain Rogue

elements existing within the United States and other nations of the world. Exhibit A.

4. Chief among the violent attacks perpetrated September 11, 2001 were the loss of life and destruction of property occurring as a result of private/commercial airliners piloted (possibly by remote control) into the World Trade Center Twin Towers located in New York.

5. The Plaintiff contends such acts were perpetrated to ultimately achieve for the perpetrators, control and the acquisition of Middle East oil reserves. Ex. A.

6. As evidence submitted to establish the Plaintiff's assertions as alleged within the preceding paragraphs, the Plaintiff incorporates within the instant pleading those paragraphs numbered 1 through 11 contained within "Exhibit A" attached hereto.

7. On June 10, 2009 during a Fox News Channel broadcast of the "Glenn Beck Show" a paid "analyst" identified as Mr. "Mike Baker" an "Former CIA Officer" suggested citizens asserting that

-3-

the U.S. government or persons other than al-Quida or the Taliban were responsible for the 9-11 attacks (known as 9/11 Truth Activists) were somehow "anarchists" seeking to "destroy America." Ex. A, pg. 10.

8. The Plaintiff, for several years prior to the June 10, 2009 broadcast described above, was widely recognized as a leading and very vocal 9/11 Truth Activist, having appeared on numerous nationally syndicated radio and T.V. talk shows, as a result of his peaceful 9/11 Truth Movement rallys and public gatherings. Ex. A. pg. 9-16.

9. As a result of the Plaintiff's belief he had been defamed by the inaccurate characterizations of him as a 9/11 activist as a result the statements of Mr. Biken and Mr. Beck on the June 10, 2009 broadcast, the Plaintiff announced on nationwide radio broadcasts his intention to sue Glenn Beck and the CIA for defamation. Ex. A pg 10-14

10. During one of Plaintiff's June 11, 2009 9/11 Truth rallys he made the aquaintance of a fellow 9/11 activist

-4-

by the name of Timothy Doyle.

11. Timothy Doyle subsequently informed the Plaintiff that he had acquired evidence substantiating that both he and the Plaintiff were under surveillance by agents of the defendants.

12. Between June 11th 2009 and the present the Plaintiff has suffered numerous instances of selective prosecution and false arrests by the Brevard County Sheriff Department (Florida) and Brevard County States Attorneys Office, which the Plaintiff asserts are instituted and orchestrated by agents of the defendants in retaliation for Plaintiff's 9/11 Truth activist political demonstrations and activities. Ex B, pg. 2

13. The above-stated cases of selective prosecution are comprised by false charges of fraud and Unlicensed Practice of Law filed against the Plaintiff still pending, and regarding an excessive sentencing in a driving on suspended license case all occurring within the 18th Judicial Circuit, Brevard County, Florida. Ex. B, pg. 2.

-5-

12. As a result, the Plaintiff filed on September 28, 2010 a Freedom of Information Act request of the defendants (pursuant to 5 U.S.C. § 552) seeking all documents and records possessed by defendants and their associated agencies referencing Plaintiff, his 9/11 political activities, defendants' surveillance of the Plaintiff and their workings with the Brevard Co. Sheriff Office. [the Plaintiff has had his copy of his original request seized by agents of the Brevard County Sheriff's office who refuse to return it, and Plaintiff's multiple requests that the defendants supply him a copy of his September 28, 2010 request have been denied — thus the Plaintiff seeks this Court's order compelling the defendants to produce such to this Court and Plaintiff]. Ex. C.

13. One of the above-referenced cases of selective prosecution involve Mr. Doyle's (see paragraph 10 and 11 above) claim that the Plaintiff defrauded him by borrowing money and failing to pay him wages for work he admits he never produced

relating to Mr. Doyles' desire to be a part of Plaintiffs' intended defamation suit intended to be filed against Glenn Beck, Fox News and Defendant C.I.A., Ex. D.

16. On January 24, 2011 the Defendants denied the Plaintiffs' FOIA request "neither confirming or denying the existence or non-existence of records responsive to [Plaintiffs'] request" citing section 3.6(a) of Executive Order 13526 (as amended); and based upon a "protection" from disclosure of classified "intelligence sources and methods information" pursuant to section 6 of the CIA Act of 1949 and as amended; and section 102A(i)(1) of the National Security Act of 1947 as amended; and as exemptions of FOIA (b)(1) and (b)(3), and Privacy Act (PA) exemptions (j)(1) and (K)(1). Ex. E.

17. By appeal dated February 17, 2011 Plaintiff appealed the defendants' January 24, 2011 final denial of Plaintiffs' FOIA request citing various grounds including, but not limited to Plaintiffs' belief defendants were untruthful in claiming no information or records were in existence within defendants

-7-

possession relating to Plaintiff; that defendants' denial failed to adequately explain or supply a basis for the exemptions claimed by the defendants; that the defendants blanket claim that such information and records were protected as "classified" was unsupported by being unconstitutional and contrary to the FOIA generally; that the denial constituted the government's withholding of information which Plaintiff has a constitutional right to as he believes it may constitute exculpatory evidence concerning his currently pending State court criminal cases; that such denials are motivated by the defendants' intended violation of the Plaintiffs' rights to political activism; and also, because the denial is occurring as a continued effort by agents of the defendants to prevent disclosure and exposure of their illegal and unlawful acts perpetrated against the people of this nation on September 11, 2001, and thus Plaintiff alleges the exemptions are but baseless denials utilized by agents of the defendants acting outside their official capacities. Ex. B

18. The Defendant's "Agency Release Panel" (ARP) denied the Plaintiff's appeal on June 27, 2011 citing its formerly relied upon exemptions and added an additional basis for denial being that the ARP "...determined that with respect to <u>CIA-oriented records that might reflect an open or otherwise acknowledged Agency affiliation</u>, [ARP] conducted a search and were unable to locate any responsive records." The ARP's notification did not inform Plaintiff of any time limitations relevant to Plaintiff's seeking a judicial review and determination regarding the denial of Plaintiff's FOIA appeal. Ex. F.

19. The Plaintiff has since sought from Defendants a copy of his original FOIA request — even by instituting a subsequent FOIA request to obtain such — without receiving any response from Defendants.

20. The Plaintiff has exhausted his administrative remedies, including Administrative appeals.

-9-

## COUNT I

THE DEFENDANT FAILED TO DEMONSTRATE BEYOND MATERIAL DOUBT THAT THEIR SEARCH WAS REASONABLE WHEN CHALLENGED BY PLAINTIFF'S ADMINISTRATIVE APPEAL

20. Although the Plaintiff is unable to cite aspects of his initial FOIA request (as it was confiscated by law enforcement agents possibly on behalf of defendants - see paragraph 12), clearly Defendant's denial of January 24, 2011 demonstrates that the Plaintiff sought at least "records that might reflect an open or otherwise acknowledged Agency affiliation existing through 5 January 2011"... Ex. E.

21. The Defendant issued a blanket general denial as to the existence or non-existence of the requested records by a claim that such a revelation would reveal a classified connection to the CIA protected against by section 3.6 (a) of Executive Order 13526 as amended. Ex. E.

22. As well, the Defendants denied the existence or non-existence of such records

-10-

relying upon section 6 of the CIA Act of 1949, as amended and section 102A(i)(1) of the National Security Act of 1947 as amended suggesting that such confirmation (one way or the other) would compromise classified intelligence sources and methods information. Ex. E.

24. As a result of the Defendants' blanket, non-specific denial of the records requested, the Plaintiff filed an administrative appeal challenging the thoroughness of the file search made and the Defendant's lack of any reasonable basis justifying the exemptions claimed. Ex. B.

25. The Plaintiff complains that the Defendants in their final denial of Plaintiff's appeal to obtain the requested records failed to demonstrate beyond a material doubt that the search was reasonable. Ex. B. See: McGehee v. CIA 697 F.2d 1095, 1101 (U.S. App. AC 1983).

26. Insomuch as the Federal Bureau of Investigation (FBI) responded to an FOIA request on November 18, 2010 (made by the Plaintiff to that agency) that records sought concerning Plaintiff's 9/11 Truth political activist work

-11-

has resulted in "records that would either confirm or deny an individual's placement on any government watch list." The Plaintiff reasonably believes such records probably exist with that agency, and hence concludes it as reasonable that Defendants likewise maintain records shared between these government agencies referencing the Plaintiff as a political activist involved in promoting lawful and peaceful investigations into the U.S. government's possible participation in the atrocities committed on September 11th, 2001. Ex. G.

27. Thus, the Plaintiff seeks an Order of this Honorable Court enjoining the Defendants from withholding the records sought by Plaintiff's FOIA request insomuch as the record as detailed herein leaves substantial doubt as to the sufficiency of the search or mendacity of exemptions claimed.

## COUNT II

PROOF THAT RECORDS SOUGHT BY PLAINTIFF FROM DEFENDANT ARE LIKELY POSSESSED BY AN AGENCY EXPECTED TO SHARE SUCH RECORDS WITH THE DEFENDANT PROVIDES A REASONABLE BASIS TO CONCLUDE THE DEFENDANT'S DENIAL OF PLAINTIFF'S FOIA REQUEST IS IN BAD FAITH

28. The Plaintiff re-alleges the allegations of paragraphs 1 through 27 hereof as if fully set forth herein.

29. As set forth within paragraph 26, an agency (FBI) expected to share records and information with Defendants (as provided by the Homeland Security and Patriot Acts) has alluded that the Plaintiff might be on an active "government watch list." Ex. G.

30. As a result of the existence of government records exhibiting the governments' evident interest in the Plaintiffs'

conduct as demonstrated within the preceeding paragraph (presumably as a result of Plaintiffs' 9/11 Truth movement political activism) it appears likely Defendants also share possession of the records sought by Plaintiff's FOIA request, sufficient to impugn bad faith regarding Defendants' facial denial of the record information sought.

30. Plaintiff alleges therefore that the Defendants should be required to more fully demonstrate the adequacy of their search.

## COUNT III

AS THE RECORDS SOUGHT BY PLAINTIFF'S WERE ALLEGED TO POSSIBLY CONTAIN INFORMATION TENDING TO EXONERATE PLAINTIFF IN PENDING CRIMINAL PROCEEDINGS, PLAINTIFF ALLEGES DEFENDANT'S TYPICAL RELIANCE ON EXEMPTIONS ARE INAPPROPRIATE

-14-

32. The Plaintiff re-alleges the allegations of paragraphs 1 through 30 hereof as if fully set forth herein.

33. As stated within paragraphs 12-15 and especially paragraph 12, the Plaintiff in his challenge to the Defendants' denial of the record information sought by his FOIA alleged that he believes evidence of government involvement in the selective prosecution by law enforcement and others in pending criminal cases filed against Plaintiff will exonerate Plaintiff of any wrongdoing — and hence, Plaintiffs' higher right to be provided access to the existence of such evidence to adequately prepare his defense, outweighs the Defendants' unspecific and traditional reliance upon the exemptions claimed in support of their denial. Ex. B, pg. 2.

34. The Plaintiff alleges that the Defendants' owe the Plaintiff a greater than average duty to disclose the information sought based upon the Plaintiffs' unusually greater expressed right to the information sought. Ex. B.

## COUNT IV

### THE EXPOSURE OF THREATS POSED BY AGENTS OF THE DEFENDANTS ACTING IN A ROGUE MANNER AND OUTSIDE THEIR OFFICIAL CAPACITIES AGAINST THE SAFETY AND SECURITY OF THE CITIZENS OF THE U.S. WARRANTS A DISCLOSURE OF THE INFORMATION SOUGHT FOR NATIONAL SECURITY PURPOSES.

35. The Plaintiff re-alleges the allegations of paragraphs 1 through 34 hereof as if fully set forth herein.

36. The Plaintiffs' February 17, 2011 challenge to Defendants' denial of his FOIA request alleged the information sought related to Plaintiffs' political activities in the 9/11 Truth movement and specifically referenced Plaintiffs' "belief that persons associated with [Defendant's] agency were involved

-16-

in a criminal or extra-legal manner in the events of September 11, 2001, that such records and information should not be classified, as they are the fruit of unlawful activities which should not be protected by the exemptions claimed." Ex. B, pg 3.

37. The Plaintiff alleges that the Defendants' denial of such information based upon a claimed exemption of classified information or by references to section 6 of the CIA Act of 1949 as amended, insufficiently responds to the issue that the information if in existence and exposed is a matter of National Security that Defendants' typical denials should not prevent from release to the Defendant. Ex. B

38. The Plaintiff alleges that the existence of overwhelming evidence tending to implicate the Defendants in unlawful activities as described herein (Ex. A) warrants extraordinary oversight by this Honorable Court in ensuring that the information and records sought by the Plaintiff and denied by the Defendants is not being denied by Defendants' misuse of the exemptions claimed

to prevent the release of information which should be released in the truest interests of National Security.

39. WHEREFORE, the Plaintiff respectfully prays this Honourable Court will issue an order outlining it's determination that the Defendants' should be enjoined from withholding the records and information denied the Plaintiff by Defendants regarding Plaintiff's FOIA request, and for any and all other relief deemed appropriate by this Court.

Respectfully submitted,

Gregory Lovis Hoover
Plaintiff, pro se

## OATH

UNDER PENALTY OF PERJURY, I hereby swear the statements contained herein to be true and correct.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendants via pre-paid U.S. Mail at Central Intelligence Agency, Washington, D.C. 20505 this 31st day of August 2011.

*(signature)*

Gregory Lewis Hoover
Plaintiff, pro se
860 Camp Road
Cocoa, Florida 32927