UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREGORY LOUIS HOOVER,**

        **Plaintiff,**

v.                                        **Case No: 6:11-cv-1459-Orl-28DAB**

**CENTRAL INTELLIGENCE AGENCY,**

        **Defendant.**

_____/

**ORDER**

Plaintiff, Gregory L. Hoover ("Hoover"), has filed a Complaint (Doc. 1) *in forma pauperis* seeking to enjoin the Central Intelligence Agency ("CIA") from withholding records that he sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This case is before the Court on the CIA's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 15) and Hoover's Response (Doc. 21) thereto. The CIA moves to dismiss Hoover's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(b), or in the alternative, for summary judgment. For the reasons stated below, Hoover's complaint is **DISMISSED** without prejudice as frivolous. Hoover may file an amended complaint on or before October 26, 2012.

**I.    Background**

This case arises out of Hoover's attempt to uncover documents that he claims would expose a conspiracy between the CIA and Florida law enforcement officials to retaliate against him for his "9/11 Truth Activist political demonstrations and activities." (Compl. ¶ 12). Hoover describes himself as a "leading and very vocal 9/11 Truth

Activist." (Id. ¶ 8).  He believes that "rogue elements" within the United States Government were involved in the attacks on September 11, 2001.  (Compl. ¶¶ 3, 17; Ex. A to Compl.).  Hoover claims that in retaliation for his political activities, the CIA "instituted and orchestrated" his "false arrests" and "selective prosecution" by the Brevard County Sherriff's Office and the State Attorney's Office.  (Compl. ¶ 12).  According to Hoover, the CIA conspired to have these local law enforcement agencies charge him with "fraud and [the] unlicensed practice of law" and to cause him to receive an "excessive sentencing in a driving on a suspended license case." (Id.).

In an effort to obtain proof of this conspiracy, Hoover filed an FOIA request with the CIA on September 28, 2010 "seeking all documents and records possessed by [the CIA and its] associated agencies referencing [Hoover], his 9/11 political activities, [CIA] surveillance of [Hoover] and [the CIA's] workings with the Brevard Co. Sheriff Office." (Id. ¶ 14).  In a letter dated January 24, 2011, the CIA responded to Hoover that it searched for "responsive records that might reflect an open or otherwise acknowledged Agency affiliation" but that it was "unable to locate any such information or records." (Ex. E to Compl.).  "With respect to responsive records that would reveal a classified connection to the CIA," the CIA cited two exemptions under FOIA—5 U.S.C. § 552(b)(1) and (3)—and stated that it "can neither confirm nor deny the existence or nonexistence of [such records]." (Id.).

After exhausting his administrative appeals with the CIA, Hoover filed the Complaint at issue here.  Hoover claims that the CIA failed to demonstrate that it conducted a reasonable search for responsive documents (Count I), that the CIA relied on the FOIA exemptions in bad faith (Count II), that he has a special right to the

2

documents because they would exonerate him from the criminal cases that the CIA allegedly orchestrated against him (Count III), and finally, that evidence implicating the CIA in the attacks of September 11, 2001 "warrants extraordinary oversight" of his FOIA request by this Court (Count IV).  (Compl. ¶¶ 21-39).

## II.   Discussion

### 1. Frivolous Actions under 28 U.S.C. § 1915(e)(2)(b)

Under 28 U.S.C. § 1915(e)(2)(b), a court must dismiss a complaint filed *in forma pauperis* if the court determines that the action is frivolous.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.  Examples of "clearly baseless" facts include "allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. 319). Additionally, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton, 504 U.S. at 33.

### 2. Hoover's Factual Allegations

Hoover's Complaint rests on frivolous factual allegations.  Hoover alleges generally that the CIA's response to his FOIA request is "a continued effort by Agents of the [CIA] to prevent disclosure and exposure of their illegal . . . acts perpetrated against

the people of this nation on September 11, 2001," (Compl. ¶ 17), and the specific counts in his Complaint rely on similarly incredible or irrational factual allegations.

In Count I, Hoover bases his claim that the CIA did not adequately search its records upon a fanciful reading of a November 18, 2010 letter that he received from the Federal Bureau of Investigation ("FBI"). (Compl. ¶ 26). In that letter, which Hoover received in response to a different FOIA request and which he has attached to his Complaint, the FBI explained that "the U.S. Government can neither confirm nor deny an individual's placement on any government watch list." (Ex. G to Compl.). Hoover asserts that this statement means the FBI likely *does* have documents related to his placement on a watch list, and he concludes that the CIA must likely possess those documents as well because the two agencies share such records. (Compl. ¶ 26). In Count II, Hoover reasserts his position that the FBI has likely shared responsive documents with the CIA, and he argues that this in itself shows that the CIA denied his FOIA request in bad faith. (Compl. ¶¶ 28-29). In Count III, Hoover claims that the information he seeks will "exonerate [him] of any wrongdoing," (Compl. ¶ 33), by exposing the CIA's conspiracy to have Florida law enforcement officials prosecute him for driving on a suspended license, fraud, and practicing law without a license. (Compl. ¶¶ 12-13, 33). He argues that his "right to be provided access to . . . such evidence to adequately prepare his defense outweighs the [CIA's] unspecific and traditional reliance upon the [FOIA] exemptions." (Id. ¶ 33). In Count IV, Hoover claims that "overwhelming evidence" implicates the CIA in the attacks of September 11, 2001 and "warrants extraordinary oversight" of his FOIA request by this Court. (Compl. ¶ 38).

These allegations rise to the level of the "irrational or wholly incredible," <u>Denton</u>, 504 U.S. at 33, and are "clearly baseless," <u>Neitzke v. Williams</u>, 490 U.S. at 327-28. Accordingly, Hoover's Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).

### III. Conclusion

In accordance with the foregoing, the CIA's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 15) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to dismissing Hoover's complaint as frivolous and **DENIED** as moot with respect to summary judgment. Hoover's Complaint (Doc. 1) is **DISMISSED** without prejudice as frivolous. Hoover may file an amended complaint **on or before Friday, October 26, 2012**.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties