**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GREGORY LOUIS HOOVER,**

          **Plaintiff,**

**-vs-**                                                            **Case No.  6:11-cv-1459-Orl-28DAB**

**CENTRAL INTELLIGENCE AGENCY,**

          **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 42)**
>
> **FILED:**   **December 5, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the Motion be **GRANTED**.

Plaintiff, proceeding *pro se*, filed a Complaint on September 1, 2011 *in forma pauperis* seeking to enjoin the Central Intelligence Agency ("CIA") from withholding records that he sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. District Judge Antoon previously dismissed Plaintiff's original Complaint with leave to amend, and Plaintiff filed his Amended Complaint on October 29, 2012. Doc. 39. The CIA moves to dismiss the Amended Complaint as frivolous or in the alternative for summary judgment. Doc. 42. Because Plaintiff's Amended Complaint merely restates the previously dismissed counts – and fails to allege any non-frivolous claims, as required by Judge Antoon's previous Order, it is respectfully **RECOMMENDED** that the CIA's motion to Dismiss Plaintiff's Amended Complaint be **GRANTED**.

**Background Facts and Procedural History**[1]

This case arises out of Hoover's attempt to uncover documents that he claims would expose a conspiracy between the CIA and Florida law enforcement officials to retaliate against him for his "9/11 Truth Activist political demonstrations and activities." Doc. 1 ¶ 12[2]. Hoover describes himself as a "leading and very vocal 9/11 Truth Activist." Doc. 1 ¶ 8. He believes that "rogue elements" within the United States Government were involved in the attacks on September 11, 2001. Doc. 1 ¶¶ 3, 17; Ex. A to Doc. 1. Hoover claims that in retaliation for his political activities, the CIA "instituted and orchestrated" his "false arrests" and "selective prosecution" by the Brevard County Sheriff's Office and the State Attorney's Office. Doc. 1 ¶ 12.

According to Hoover, the CIA conspired to have these local law enforcement agencies charge him with "fraud and [the] unlicensed practice of law" and to cause him to receive an "excessive sentencing in a driving on a suspended license case." Doc. 1.  In an effort to obtain proof of this conspiracy, Hoover filed an FOIA request with the CIA on September 28, 2010 "seeking all documents and records possessed by [the CIA and its] associated agencies referencing [Hoover], his 9/11 political activities, [CIA] surveillance of [Hoover] and [the CIA's] workings with the Brevard Co. Sheriff Office." Doc. 1 ¶ 14. In a letter dated January 24, 2011, the CIA responded to Hoover that it searched for "responsive records that might reflect an open or otherwise acknowledged Agency affiliation" but that it was "unable to locate any such information or records." Doc. 1, Ex. E. "With respect to responsive records that would reveal a classified connection to the CIA," the CIA cited two exemptions under FOIA—5 U.S.C. § 552(b)(1) and (3)—and stated that it "can neither confirm nor deny the existence or nonexistence of [such records]." Doc. 1.

---

[1]The Background Facts are taken from Judge Antoon's September 26, 2012 Order.  Doc. 36.

[2]As discussed more thoroughly below, the factual allegations in the Amended Complaint are nearly verbatim as those in the original Complaint.

After exhausting his administrative appeals with the CIA, Hoover filed his Complaint in this Court. In the original Complaint, Hoover claimed that the CIA failed to demonstrate that it conducted a reasonable search for responsive documents (Count I), that the CIA relied on the FOIA exemptions in bad faith (Count II), that he has a special right to the documents because they would exonerate him from the criminal cases that the CIA allegedly orchestrated against him (Count III), and finally, that evidence implicating the CIA in the attacks of September 11, 2001 "warrants extraordinary oversight" of his FOIA request by this Court (Count IV).  Doc. 1 ¶¶ 21-39.

On September 26, 2012, Judge Antoon entered an Order finding Plaintiff's Complaint rested on frivolous factual allegations and dismissed Counts I to VI of the original Complaint, but granted Plaintiff leave to file an amended complaint by October 26, 2012.  Doc. 36.  On October 29, 2012, Hoover filed his Amended Complaint (Doc. 39)[3] which is a nearly verbatim reiteration of Hoover's frivolous factual allegations from the original Complaint, along with two additional counts alleging in a similar fashion that the CIA improperly withheld records relating to: rogue CIA agents who "duped and entrapped" another individual, Robert Boling, into assisting the CIA with criminal stock market price manipulation (Count V) and records allegedly shared by the FBI of an interview with Hoover regarding information substantiating his 9/11 conspiracy theories (Count VI).  Doc. 39 ¶¶ 41-47, 49-56.

## II. Discussion

### 1. Frivolous Actions under 28 U.S.C. § 1915(e)(2)(b)

Pursuant to 28 U.S.C. § 1915(e)(2)(b), a court must dismiss a complaint filed *in forma pauperis* if the court determines that the action is frivolous. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal

---

[3]Plaintiff's Motion for Leave to file a second amended complaint was denied on December 19, 2012.  Doc. 47.

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of "clearly baseless" facts include "allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. 319). Additionally, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

### 2. Hoover's Factual Allegations

Hoover's Amended Complaint – like his original Complaint – rests on frivolous factual allegations. As Judge Antoon explained with reference to the identical factual allegations in the original Complaint:

> Hoover alleges generally that the CIA's response to his FOIA request is "a continued effort by Agents of the [CIA] to prevent disclosure and exposure of their illegal . . . acts perpetrated against the people of this nation on September 11, 2001," (Compl. ¶ 17), and the specific counts in his Complaint rely on similarly incredible or irrational factual allegations. In Count I, Hoover bases his claim that the CIA did not adequately search its records upon a fanciful reading of a November 18, 2010 letter that he received from the Federal Bureau of Investigation ("FBI"). (Compl. ¶ 26). In that letter, which Hoover received in response to a different FOIA request and which he has attached to his Complaint, the FBI explained that "the U.S. Government can neither confirm nor deny an individual's placement on any government watch list." (Ex. G to Compl.). Hoover asserts that this statement means the FBI likely does have documents related to his placement on a watch list, and he concludes that the CIA must likely possess those documents as well because the two agencies share such records. (Compl. ¶ 26). In Count II, Hoover reasserts his position that the FBI has likely shared responsive documents with the CIA, and he argues that this in itself shows that the CIA denied his FOIA request in bad faith. (Compl. ¶¶ 28-29). In Count III, Hoover claims that the information he seeks will "exonerate [him] of any wrongdoing," (Compl. ¶ 33), by exposing the CIA's conspiracy to have Florida law enforcement officials prosecute him for driving on a suspended license, fraud, and practicing law without a license. (Compl. ¶¶ 12-13, 33). He argues that his "right to be provided access to . . . such evidence to adequately prepare his defense outweighs the [CIA's] unspecific and traditional reliance upon the [FOIA] exemptions." (Id. ¶ 33). In Count IV, Hoover claims that "overwhelming evidence" implicates the CIA in the attacks of September 11, 2001 and "warrants extraordinary oversight" of his FOIA request by this Court. (Compl. ¶ 38). These allegations rise to the level of the "irrational or wholly incredible," *Denton*, 504 U.S. at 33, and are "clearly baseless,"

> *Neitzke v. Williams*, 490 U.S. at 327-28. Accordingly, Hoover's Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).

Doc. 36 at 3-5.

Count I through IV in the Amended Complaint are identical to those Judge Antoon already determined were frivolous in the original Complaint. Doc. 36 at 5 ("These allegations rise to the level of the 'irrational or wholly incredible,' and are 'clearly baseless.'"). Counts I through IV of Hoover's Amended Complaint must also be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).

Hoover's two new counts in the Amended Complaint, Counts V and VI, are also frivolous and must be dismissed as well. In Count V, Hoover alleges that information he sought in the FOIA request would serve to exonerate another individual, Roderic Boling, from pending federal criminal charges due to Plaintiff's and the CIA's alleged prior associations with Boling. Doc. 39 at 13. Hoover argues his "suspicion" and "theory" that "rogue agents" of the CIA "duped and entrapped" Robert Boling into assisting the CIA with "criminal stock market price manipulation" and further "postulates" that the CIA later falsely disavowed a relationship with Boling in order to "avoid embarrassment." Doc. 39 at ¶¶ 41-46. Hoover then asserts that there is currently no way to establish Boling's innocence, "with the possible exception" of documents from the CIA. Doc. 39 ¶¶ 46-47. Simply because Hoover's allegations now include the alleged activities of another individual do not make them any less frivolous, and the action remains subject to dismissal. *See Schwarz v. I.R.S.*, 998 F.Supp. 201, 203 (N.D.N.Y. 1998) (dismissing as patently frivolous on its face plaintiff's complaint alleging IRS improperly denied several FOIA requests in her effort to prove that a Mark Rathbun has been "wrongfully incarcerated since November 21, 1988 . . . because a Nazi-conspiracy framed him in court").

In Count VI of the Amended Complaint, Hoover asserts that because the FBI, in response to a different FOIA request, provided him with a redacted copy of a memorandum of two FBI agents' interview with him noting that Hoover had claimed to have information substantiating his 9/11

-5-

conspiracy theories, and because the FBI is required to share credible information with the CIA, the CIA's denial that it possessed information relating to him must be false. Doc. 39 at ¶¶ 49-56. This allegation is also frivolous and should be dismissed.

The Eleventh Circuit has found that courts should permit *pro se* litigants, who are seeking *in forma pauperis* status, the opportunity to amend a deficient complaint before dismissing it pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002); *Lee v. Alachua County, Florida*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (stating where a more carefully drafted complaint might state a claim, *pro se* litigants must be afforded at least one opportunity to amend the complaint before it is dismissed with prejudice).

However, Judge Antoon has already determined that Hoover's claims are frivolous and given him the opportunity to amend. Unfortunately, the claims in Hoover's Amended Complaint are just a rehash of his original frivolous claims and he need not be given an additional opportunity to amend. *See Broner v. Washington Mut. Bank, FA,* 258 Fed.Appx. 254, 256-257 (11th Cir. 2007) (affirming district court's determination that plaintiff's complaint was frivolous and was properly dismissed with prejudice pursuant to § 1915(e)(2)). Plaintiff has a history of repeatedly filing frivolous claims, which have been subsequently dismissed:

> The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:11-cv-801-Orl-31GJK; (2) 6:12-cv-287-Orl-22KRS; and (3) 6:12-cv-290-Orl-18GJK. Based upon these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed in forma pauperis, and this action will be dismissed without prejudice.

Doc. 3, Case No. 6:12-cv-1809-18GJK. *See Schwarz v. C.I.A.*, 1999 WL 330237, *1 (10th Cir. 1999) (holding plaintiff's pleadings were frivolous and followed a recurring pattern of similarly unsuccessful FOIA actions filed by her against several other federal agencies, and admonishing her that any future frivolous filings would result in sanctions); *see also Denton*, 504 U.S. at 33 ("a finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

It is respectfully **RECOMMENDED** that the Amended Complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b); and the CIA's Motion for Summary Judgment be **DENIED** as moot. It is further respectfully **RECOMMENDED** that the District Judge certify that any appeal from a final order finding Hoover's allegations to be frivolous would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 23, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy